IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEPENDENT TRUCKERS INS. CO., ) ) ) | |
| Plaintiff, ) ) | 8:10CV253 |
| vs. ) ) | ORDER |
| KELLY GADWAY and BRUCE W. LARSON, ) ) ) | |
| Defendants. ) | |

This matter is before the court on Kelly Gadway's motion for extension of time to answer (Filing No. 35). Gadway filed a "Response" (Filing No. 36) on the same day. The plaintiff filed an objection (Filing No. 37), a brief (Filing No. 39) and an index of evidence (Filing No. 38) opposing Gadway's request for an extension of time. Gadway filed a Response for Extension Opposition (Filing No. 41). No other party participated in briefing.

## BACKGROUND

On July 8, 2010, the plaintiff filed a complaint naming Gadway and Bruce W. Larson as defendants. **See** Filing No. 1. On October 26, 2010, the court granted the plaintiff's motion to serve Gadway by publication. **See** Filing No. 16. On November 30, 2010, the plaintiff filed proof of service by publication in the Daily Record of Omaha. **See** Filing No. 26. The publication noted Gadway had until December 10, 2010, to file an answer to the plaintiff's complaint. *Id.*

On December 3, 2010, the plaintiff filed evidence of personal service of the summons and complaint on Larson on November 15, 2010. **See** Filing No. 28. On December 21, 2010, Gadway filed a motion for an extension of time for Larson to file an answer or otherwise respond to the plaintiff's complaint. **See** Filing No. 29. The court struck the motion because it was not filed by Larson or his legal counsel. **See** Filing No. 30.

On December 23, 2010, the plaintiff filed a motion as against Gadway for Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) and Civil Rule of the United States District Court for the District of Nebraska 55.1(a). **See** Filing No. 31. The Clerk's office entered an order regarding default using a form order submitted by the plaintiff. **See** Filing No. 32. The motion and the order reference Rule 55(a), but include the word "Judgment" in their captions.

In compliance with the court's December 23, 2010, order, on December 29, 2010, Gadway provided notice of his contact information for the court. **See** Filing No. 33. On the same date, Gadway filed his motion seeking leave for an extension of time to file an answer. **See** Filing No. 35. Gadway, who is proceeding without counsel, explains his attempts to ascertain whether there was a federal lawsuit filed against him and the reasons for any delay in responding to the complaint. ***Id.***

## ANALYSIS

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." ***Id.*** at 784. After all, the judicial preference is to adjudicate claims on the merits. ***Oberstar v. F.D.I.C.***, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." ***Johnson***, 140 F.3d at 783; ***see also C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must

determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

Under the circumstances here, the court will construe Gadway's motion as a motion to set aside entry of default. The delay caused by Gadway's failure to file a timely answer will not affect the progression of this matter as another defendant has not yet filed an answer either. Additionally, Gadway promptly reacted to the entry of default and diligently attempted to rectify of the matter. Gadway, himself, did not engage in any conduct to cause the delay, i.e., the delay was out of his control, rather than a willful flaunting of the deadline. **See** *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995). The delay, here, was the result of excusable neglect occasioned by the timing and manner of service. In fact, there is no dispute that Gadway actually came to the courthouse and called the plaintiff's counsel to determine the status of the lawsuit against him before his answer was due. Additionally, Gadway contends the plaintiff has known how to reach him, but neglected to do so. Finally, Gadway asserts he has an arguably meritorious defense, that is he can proffer evidence which would permit a finding for him.

The plaintiff disputes whether Gadway has met his burden to set aside default judgment. **See** Filing No. 39. The plaintiff argues Gadway knew about the lawsuit and failed to act until after judgment was entered against him. *Id.* However, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson*, 140 F.3d at 783. If a party files a motion for default judgment prior to filing a motion for entry of default, a court properly construes the motion as one for entry of default. *Id.* Accordingly, to the extent the plaintiff's December 23, 2010, motion sought entry of judgment against Gadway, the motion was premature. Similarly, to the extent the December 23, 2010, Clerk's entry of default may be interpreted as a judgment under Rule 55(b), the entry is invalid. Based on the facts before the court, the motion to set aside should be granted.

In addition to the motion for extension, in the documents filed Gadway expresses concern about driving to the courthouse to personally file documents. **See** Filing No. 41. A pro se party may not electronically file documents, however a party, such as Gadway,

may mail documents to the Clerk of Court for filing at the Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska, 68102.

The court will address Gadway's request (Filing No. 34) for a change in the place of trial from Omaha to North Platte, Nebraska, after the parties have an opportunity to brief the matter. Pursuant to the local rules, the plaintiff has until January 18, 2011, to file a response. **See** NECivR 7.0.1. Gadway shall have an opportunity to file a reply within ten calendar days of the plaintiff's response. *Id.* The court will consider the convenience of the litigants, witnesses, and attorneys when deciding the place of trial and resolving conflicting requests. **See** NECivR 40.1(b). Upon consideration,

**IT IS ORDERED**:

1. Kelly Gadway's motion for extension of time to answer (Filing No. 35) is granted.

2. The plaintiff's objection (Filing No. 37) is overruled.

3. The Clerk of Court shall modify the docket to show that the entry of default is hereby set aside.

4. Kelly Gadway shall have to **on or before January 31, 2011**, to file an answer or motion in response to the plaintiff's complaint pursuant to Fed. R. Civ. P. 12.

5. The Clerk of Court shall mail a copy of this order to both Bruce W. Larson and Kelly Gadway at their last known addresses contained in the record.

DATED this 12th day of January, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge