IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL INDEPENDENT TRUCKERS INS. CO., | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV253 |
| vs. | ) ) | ORDER |
| KELLY GADWAY and BRUCE W. LARSON, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the defendant Kelly Gadway's Request for Place of Trial (Filing No. 34) to be changed from Omaha to North Platte, Nebraska. No other party participated in briefing Gadway's motion.

## BACKGROUND

According to the allegations in the complaint, Gadway is the owner/operator of a trucking business with its principal place of business in Hershey, Nebraska. **See** Filing No. 1 - Complaint ¶ 2. Gadway employs drivers and operates tractor trailers throughout the continental United States. *Id.* ¶ 3. Gadway employed the defendant Bruce W. Larson, who is a resident of Arizona. *Id.* ¶ 4. The plaintiff is a corporation organized under the laws of the State of South Carolina with its principal place of business in Linden, New Jersey. *Id.* ¶ 1. In January of 2009, Gadway applied for insurance from the plaintiff for the trucking business. In the application for insurance, in writing and by videotaped interview, Gadway represented to the plaintiff that he had not been in any accidents during the preceding five years. *Id.* ¶ 9. The plaintiff issued Gadway a policy for the period of January 16, 2009, through January 16, 2010. *Id.* ¶ 8. The plaintiff alleges it later learned Gadway had been in an accident on September 2, 2008. *Id.* ¶ 11. The plaintiff alleges it would not have issued the January 2009 policy had it been aware of the September 2, 2008, accident. *Id.* ¶¶ 10-14. On May 23, 2009, Larson, while driving a tractor trailer for Gadway, was involved in a multi-vehicle accident in Denton, Maryland. *Id.* ¶ 15. At least

one lawsuit has been filed against Larson arising from the accident. *Id.* ¶ 16. The plaintiff canceled the insurance policy on June 15, 2009. *Id.* ¶ 17.

Based on these alleged facts, the plaintiff seeks a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. Specifically, the plaintiff seeks a determination from the court that the plaintiff has no duty to defend or indemnify Gadway or his employees for any liability arising out of an action styled **Stafford v Larson**, 05-C-09-012951, or any other claims that may arise out of the May 23, 2009, accident. Additionally, the plaintiff seeks a determination that the policy of insurance issued by the plaintiff to Gadway, Commercial Auto Liability Policy A3862-01, is void *ab initio*; and seeks to rescind the policy.

On July 8, 2010, the plaintiff filed the instant action in the Omaha division of the United States District Court for the District of Nebraska. The record reflects the plaintiff's counsel has offices in Omaha, Nebraska. The record also reflects Larson resides in Grand Island, Nebraska, rather than Arizona, as alleged in the Complaint. The defendants in this case are presently proceeding without counsel. Gadway contends trial is more conveniently set in North Platte, Nebraska, based on his location and his ability to obtain counsel. The plaintiff fails to allege it will suffer any harm if the case were transferred.

## ANALYSIS

In deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." NECivR 40.1(b)(1). Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district or division to another. **See** 28 U.S.C. § 1404(a). Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another location where it might have been brought. *Id.* Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight. **Standard Office Sys. v. Ricoh Corp., 742 F. Supp. 534, 537 (W.D. Ark. 1990)**. The court's local rules contain no

provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice." **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(1) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted. **See** NECivR 40.1(b); **compare** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)). The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant. *BASF Corp. v. Symington*, 50 F.3d 555, 557 (8th Cir. 1994); *Gen. Comm. of Adjustment v. Burlington N.R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995). A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other. *Nelson v. Bekins Van Lines Co.*, 747 F. Supp. 532, 535 (D. Minn. 1990) (**citing** *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)); *General Comm.*, 895 F. Supp. at 252; **see** *Ferens v. John Deere Co.*, 494 U.S. 516, 522-23 (1990).

The plaintiff chose to file this action in the Omaha division of the District of Nebraska. However, one defendant seeks to transfer the case to North Platte for purposes of trial. For the parties and the only known potential witnesses, North Platte appears to be a more convenient location for trial. While the plaintiff's counsel is located in Omaha, Gadway, who is without counsel, and his business are located closer to North Platte. Further, there has been no showing that any witness resides in Omaha or would suffer any particular burden by having to travel to North Platte for trial. In fact, there has been no showing there is any connection between this case and Omaha. The court has reviewed the filings, evaluated the fairness of moving trial to North Platte, and considered the due weight of the plaintiff's choice for the place of trial within this district. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(1), the place of trial should be North Platte, Nebraska. Accordingly,

**IT IS ORDERED:**

  1. The defendant's Motion for Trial at North Platte, Nebraska (Filing No. 34) is granted.

  2. The Clerk of Court shall amend the docket sheet to reflect the place of trial is North Platte, Nebraska.

  DATED this 7th day of February, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
