IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATIONAL INDEPENDENT TRUCKERS INS. CO., | ) ) ) | |
| Plaintiff, | ) ) | 8:10CV253 |
| vs. | ) ) | ORDER |
| KELLY GADWAY and BRUCE W. LARSON, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's motion to deem admitted the plaintiff's request for admissions as to the defendant Bruce W. Larson (Filing No. 80). The plaintiff filed an index of evidence (Filing No. 81) in support of the motion. Mr. Larson did not file a response to the plaintiff's motion.

The court has authorized the parties to commence discovery and required the parties to exchange certain mandatory discovery by May 31, 2011. **See** Filing No. 61. In addition to mandatory discovery and disclosures, a party may request additional relevant materials, including documents, interrogatory responses, and answers to request for admissions. See Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 33; Fed. R. Civ. P. 34; Fed. R. Civ. P. 36. The plaintiff's motion relates to requests for admissions.

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; . . . ." Fed. R. Civ. P. 36(a)(1). A party must serve a signed answer within thirty days, or the request may be deemed admitted. Fed. R. Civ. P. 36(a)(3). A party's answer must comply with Fed. R. Civ. P. 36(a)(4), which provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The

> answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." *Xcel Energy, Inc. v. United States*, 237 F.R.D. 416, 420-21 (D. Minn. 2006) (**quoting** *Lakehead Pipe Line Co. v. Am. Home Assurance Co.*, 177 F.R.D. 454, 457-58 (D. Minn. 1997)); **see also** Fed. R. Civ. P. 36 advisory committee's note (1970 amend.) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."). "The purpose of a request for admissions generally is not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof." *Layne Christensen Co. v. Purolite Co.*, No. 09-2381, 2011 WL 381611, at *4 (D. Kan. Jan. 25, 2011) (slip op.).

"The court has substantial discretion to determine the propriety of such requests and the sufficiency of responses." **See** *Audiotext Comms. Network, Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995) (**quoting** *Dubin v. E. F. Hutton Group Inc.*, 125 F.R.D. 372 (S.D.N.Y. 1989)). If the courts determine "an answer does not comply with the requirements of Rule 36, they can order either that the matter is admitted or require the responding party to serve an amended answer." *O'Connor v. AM General Corp.*, No. 85-6679, 1992 WL 382366, at *2 (E.D. Pa. Dec. 7, 1992). "When passing on a motion to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." *Audiotext*, 1995 WL 625744, at *2 (**quoting** *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988)). "The requesting party bears the burden of setting forth in

2

necessary, but succinct, detail, the facts, events or communications to which admission is sought. . . ." *Audiotext*, 1995 WL 625744, at *2 (**quoting** *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). "[A] requesting party should not state 'half of [a] fact' or 'half truths' which require the answering party to qualify responses." *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 96-97 (W.D. Mo. 1973) (citations omitted). Further, "[r]egardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *Id.* at 96. The court may extend a party's time to answer or allow a party time to amend or withdraw previous admissions if such action does not prejudice the requesting party and "would promote the presentation of the merits of the action." Fed. R. Civ. P. 36(a)(3) and (b).

The evidence shows the plaintiff served both defendants with requests for admissions on May 31, 2011. **See** Filing No. 67 - Notice of Service. Mr. Larson did not respond to the requests. During a telephone planning conference on September 2, 2011, Mr. Larson stated he had not received the discovery requests. On September 6, 2011, the plaintiff served Mr. Larson with another set of discovery requests including requests for admissions. **See** Filing No. 77. The plaintiff represents that Mr. Larson did not respond to the requests. On October 19, 2011, the plaintiff filed the instant motion to deem the requests for admission to be admitted. **See** Filing No. 80. Mr. Larson did not respond to the plaintiff's motion. Under these circumstances the court will grant the plaintiff's motion as to Mr. Larson. Mr. Larson may move this court to withdraw or amend his admissions in accordance with Rule 36(b). Upon consideration,

   **IT IS ORDERED**:

   1. The plaintiff's Motion to Deem Admitted Plaintiff's Request for Admissions to Defendant, Bruce W. Larson (Filing No. 80) is granted. Mr. Larson is deemed to have admitted each of the requests contained in Plaintiff's Request for Admissions to Defendant, Bruce W. Larson, served September 6, 2011, for purposes of the claims in the plaintiff's complaint as against Mr. Larson.

      2.      The Clerk of Court shall mail a copy of this order to each pro se defendant as follows:

| Bruce Larson | Kelly Gadway |
|---|---|
| P.O. Box 5552 | P.O. Box 301 |
| Grand Island, NE 68802-5552 | Hershey, NE 69143 |

DATED this 15th day of November, 2011.

                                                              BY THE COURT:

                                                             s/ Thomas D. Thalken
                                                            United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.