IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NATIONAL INDEPENDENT TRUCKERS INS. CO., <br><br> Plaintiff, <br><br> vs. <br><br> KELLY GADWAY and BRUCE W. LARSON, <br><br> Defendants. | 8:10-CV-253 <br><br> MEMORANDUM AND ORDER |

  This matter is before the Court on the Court's own Memorandum and Order of March 12, 2012 (filing 99), in which the Court denied National Independent Truckers Ins. Co.'s (hereinafter, National) motions for summary judgment (filings 85 and 90) and motion to dismiss counterclaim (filing 92). Furthermore, based on the findings made in its March 12 order, the Court directed the plaintiff to show cause, by an appropriate brief in opposition, why a partial summary judgment should not be entered against it. (Filing 99 at 13-14.)

  Neither party has filed any response to the Court's show cause order. The Court therefore concludes that the parties have waived any objection to the findings of the March 12 order. Accordingly, pursuant to Fed. R. Civ. P. 56(f), the Court will enter summary judgment against National on the terms explained in its March 12 order. *See* filing 99. Specifically, the Court finds that (a) National may not rescind the policy insofar as it provided compulsory insurance coverage required by Nebraska law, and (b) National may not (and did not) avoid liability under the MCS-90 endorsement before providing the notice required by federal law. Based on the same reasoning, the Court concludes National is not entitled to the relief sought in its complaint, and that the complaint should be dismissed with prejudice.

  Once that is accomplished, the only pending matter in this case is Kelly Gadway's counterclaim (filing 53). But the amount in controversy for that claim seems to be approximately $9,000, and is certainly no greater than $14,000. (Filings 53 and 92.) This is far short of the $75,000 amount required for federal court jurisdiction under 28 U.S.C. § 1332.

  Of course, a federal district court has supplemental jurisdiction over claims that are related to a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367. But a court may decline to exercise

supplemental jurisdiction over such claims when the court has dismissed all claims over which it has original jurisdiction. § 1367(c)(3). And in most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendant state claims are dismissed without prejudice to avoid needless decisions of state law, as a matter of comity and to promote justice between the parties. *Birchem v. Knights of Columbus,* 116 F.3d 310 (8th Cir. 1997); *Ivy v. Kimbrough,* 115 F.3d 550 (8th Cir. 1997); *see, also, United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). That would not mean that Gadway's counterclaim is without merit; it would simply mean that Gadway's counterclaim belongs in state court.

Gadway's counterclaim in this case arises under Nebraska law and is for substantially less than the amount required for diversity jurisdiction. Therefore, the Court finds it appropriate to order the parties to show cause why the Court should not exercise its discretion to dismiss Gadway's counterclaim without prejudice to its being brought in a state court of appropriate jurisdiction.

IT IS ORDERED:

1. Judgment is entered against National pursuant to the findings of this Memorandum and Order and the Court's Memorandum and Order of March 12, 2012 (filing 99);

2. National's complaint is dismissed with prejudice;

3. The parties shall show cause, by briefs to be filed on or before May 14, 2012, why Gadway's counterclaim should not be dismissed without prejudice to reassertion of that claim in a state court of appropriate jurisdiction.

4. The Clerk of the Court is directed to set a show cause deadline of May 14, 2012.

Dated this 23rd day of April, 2012.

BY THE COURT:

John M. Gerrard
United States District Judge